<div style="float:right">**Granted.**<br>1:06 PM, Dec 23, 2022</div>



### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **MAXRELIEF USA, INC.,** | : | Civil Action No. 1:21-cv-00755 |
| PLAINTIFF, | : | Judge Matthew W. McFarland |
| | | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| **JOHN O'MALEY D/B/A JOHN** | : | MOTION TO SEAL EXHIBITS |
| **O'MALEY AND ASSOCIATES,** | | 2 & 3 OF PLAINTIFF'S MOTION TO |
| | : | EXTEND THE DISCOVERY |
| DEFENDANT. | | DEADLINE [DOC #43] |

Plaintiff MaxRelief USA, Inc. moves this Court to issue an order sealing Exhibits 2 and 3 of Plaintiff's Motion to Extend the Discovery Deadline [Doc #43; Page ID #127-136]. This motion is supported by the following memorandum of law.

                Respectfully submitted,

                /s/ Jason S. Nardiello
                Peter J. O'Shea (0086560)
                Katz Teller Brant & Hild
                255 East Fifth Street, Suite 2400
                Cincinnati, OH 45202
                Telephone: (513) 721-4532
                Facsimile: (513) 977-3401
                Email: poshea@katzteller.com

                Jason S. Nardiello (pro hac vice)
                Nardiello Law PLLC
                1341 W. Mockingbird Lane
                Suite 600W #143
                Dallas, TX 75247
                Telephone: (214) 974-5468
                Email: jason@nardiello.law

                *Attorneys for Plaintiff MaxRelief USA, Inc.*

**MEMORANDUM IN SUPPORT**

Plaintiff MaxRelief USA, Inc. ("MaxRelief") moves to seal Exhibits 2 and 3 of its Motion to Extend the Discovery Deadline. [Doc #43; Page ID #127-136]. Exhibits 2 and 3 consist of eight pages of the transcript of the deposition of John O'Maley, which were filed consistent with the Court's Order that MaxRelief's Motion to Extend the Discovery Deadline was to include "the deposition testimony identified during the [informal telephone discovery] conference." [Doc #42]. Mr. O'Maley has designated the entirety of his deposition transcript as "Confidential" under the Stipulated Protective Order entered in this action. [Doc #37].

After MaxRelief filed its Motion to Extend the Discovery Deadline, counsel for Mr. O'Maley demanded that MaxRelief remove Exhibits 2 and 3 from the docket and, instead, provide Exhibits 2 and 3 to the Court for *in camera* review. MaxRelief, however, is unaware of a process for simply "removing" the Exhibits from the docket. Further, MaxRelief understood that its obligation, pursuant to the Court's Order [Doc. #42], was to file the deposition testimony upon which its Motion to Extend the Discovery Deadline relied.

In an effort to accommodate Mr. O'Maley's demand, MaxRelief prepared a proposed joint motion to seal Exhibits 2 and 3, which it presented to Mr. O'Maley's counsel on December 21. On December 22, 2022, Mr. O'Maley's counsel declined to join the proposed motion to seal. In response, MaxRelief's counsel requested that Mr. O'Maley's counsel reconsider whether Exhibits 2 and 3 were properly deemed "Confidential" and noted the incongruity of Mr. O'Maley's counsel insisting that Exhibits 2 and 3 were protected from disclosure, while refusing to join MaxRelief's proposed motion to seal. Mr. O'Maley's counsel again declined to reconsider its position that Exhibits 2 and 3—and, indeed, the entirety of Mr. O'Maley's deposition transcript—were "Confidential." Accordingly, MaxRelief is left in the position of

attempting to comply with paragraph 8 of the Stipulated Protective Order by "seeking the Court's permission to file the document[ ] under seal"—but without Mr. O'Maley's cooperation or support.

Parties wishing to seal documents on the Court's docket must provide "compelling reasons" justifying the seal and must also demonstrate that the seal is "narrowly tailored to serve that reason." *The Proctor & Gamble Co. v. Ranir, LLC*, Case No. 1:17-CV-185, 2017 U.S. Dist. LEXIS 131141, 2017 WL 3537197 (S.D. Ohio Aug. 17, 2017) *citing Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016). As the Court recognized in *Proctor & Gamble*, protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason.

The deposition testimony at issue here concerns (1) the identity of individuals and companies who, according to Mr. O'Maley, voiced complaints about MaxRelief; and (2) the potential implications of such complaints on Mr. O'Maley. Public disclosure of this information could, according to Mr. O'Maley,[1] provide the public and potential competitors insight into his business operations.

Under the Protective Order, any document or information designated as "Confidential" must be material that is protected from disclosure "by statute or common law, including but not limited to, confidential personal information, trade secrets, or other such sensitive commercial information that is not publicly available." [Doc #37 PAGEID #68]. The names and identity of sales and contact information of Mr. O'Maley constitutes, according to Mr. O'Maley, such confidential and sensitive commercial information.

---

[1] It is Mr. O'Maley who has designated the entirety of his deposition transcript "Confidential" and who objects to the public disclosure of Exhibits 2 and 3 to MaxRelief's Motion to Extend Discovery. MaxRelief does not waive its right under the Protective Order to dispute the "Confidential" designation as to Exhibits 2 and 3 or any other material so designated by Mr. O'Maley.

Accordingly, Plaintiff MaxRelief respectfully moves that the Court order the Clerk of the Court to seal Exhibits 2 and 3 of Plaintiff's Motion to Extend the Discovery Deadline [Doc #43; Page ID #127-136].

>	Respectfully submitted,
>
>	/s/ Jason S. Nardiello
>	Peter J. O'Shea (0086560)
>	Katz Teller Brant & Hild
>	255 East Fifth Street, Suite 2400
>	Cincinnati, OH 45202
>	Telephone: (513) 721-4532
>	Facsimile: (513) 977-3401
>	Email: poshea@katzteller.com
>
>	Jason S. Nardiello (pro hac vice)
>	Nardiello Law PLLC
>	1341 W. Mockingbird Lane
>	Suite 600W #143
>	Dallas, TX 75247
>	Telephone: (214) 974-5468
>	Email: jason@nardiello.law
>
>	*Attorneys for Plaintiff MaxRelief USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 22nd day of December, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<div style="text-align: right;">
/s/ Jason S. Nardiello<br>
Jason S. Nardiello (pro hac vice)
</div>

4887-0831-4182, v. 1